IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**INDIGO OCEAN ROSE KRAIM,**

      **Plaintiff,**

v.                                                          Case No. 3:21-cv-00326

**STATE OF VIRGINIA (Channel 13 News); CHARLESTON POLICE DEPARTMENT; HUNTINGTON POLICE DEPARTMENT; MILDRED MITCHELL BATEMAN HOSPITAL; CITY OF COLUMBIA POLICE DEPARTMENT; DONALD TRUMP; JOE BIDEN; OFFICER BENSON; MARRIOTT; FOUR POINTS by SHERATON; COURTYARD; CIA; SECRET SERVICE; CITY OF COLUMBIA WITNESS PROTECTION,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff Indigo Ocean Rose Kraim ("Kraim"), proceeding *pro se* and currently confined at Mildred Mitchell-Bateman Hospital in Huntington, West Virginia, filed a complaint against the State of Virginia and various other defendants under 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and an initial screening of her complaint pursuant to 28 U.S.C. §

1

1915(e)(2). The undersigned is tasked with determining whether Kraim's complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

After thoroughly considering the complaint, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Kraim's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1); **DISMISS** Kraim's complaint, (ECF No. 2), and **REMOVE** this case from the docket of the Court.

I.     **Relevant Facts**

On June 7, 2021, Kraim filed the complaint herein, which contains a string of legal principles interspersed with bizarre and irrational statements. (ECF No. 2). Kraim alleges that she has suffered false imprisonment, breach of trust, exploitation, illegal wiretapping, grand larceny, invasion of privacy, and breach of contract. (*Id.* at 4-5). Furthermore, she contends that she is "supposed to have a 1 zillion dollar check, Presidency, an all around the world flight card, and [one-of-a-kind] heirlooms." (*Id.* at 4). According to Kraim, she was asked to "take an oath as President," but was never "picked up" and was "told to walk." (Id. at 5). She further states that she wishes to sue "Dominoes, McDonalds, Wendy's, Ollies, and Donald Trump." (*Id.*). She adds that Donald Trump and Joe Biden "signed Executive Orders," although she does not specify the subject matter of

2

the orders (*Id.*) For relief, Kraim requests (verbatim):

> 1 zillion dollars given to me asap, sovereign immunity, pardon from all charges, clear record both credit and criminal report, clean MVR report, no more hostage situation, no cameras, no more illegal wiretaps, CIA, Secret Service, local protection passport returns (safety for my children as well), bill of sale (Courtyard by Marriot), Marriot, Four Point by Sheraton, Jaguar, Puma Endorsements, Dominoes (ownership), D.P. Dough, all monies reimbursed, student debt paid, new sovereign immunity (no more arrest).

(*Id.* at 5-6).

## II.   **Standard of Review**

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 328). Under § 1915, a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." 28 U.S.C. § 1915(e)(2). Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Larrimore v. Hooks*, No. 7:07-CV-209-D, 2008 WL 11504950, at *1 (E.D.N.C. Jan. 18, 2008) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). Examples of such claims are those "describing fantastic or delusional scenarios or claims which are otherwise manifestly 'fanciful' or so wholly irrational as to lack any basis in fact." *Id.* (quoting *Denton*, 504 U.S. at 32-33). The Supreme Court of the United States has held that more than conclusory allegations are required to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 677-79 (2009). A plaintiff

3

must allege specific facts that adequately support a cause of action. *Id.* The United States Court of Appeals for the Fourth Circuit additionally has held that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court." *Ross v. Baron*, 493 App'x 405, 406 (4th Cir. 2012).

### III.  Discussion

Kraim has filed a complaint that fails to state any cognizable claim against the defendants, because her allegations are unsupported by fact or law and are manifestly fanciful. Like the plaintiff in *Larrimore*, Kraim's allegations "merely state legal terminology and are not actionable because of their lack of factual support." 2008 WL 11504950, at *1. Indeed, her complaint is void of allegations against most of the named defendants and, even when interpreted as broadly as possible, contains only delusional and irrational claims against the others. Her requested relief of "1 zillion dollars, sovereign immunity, [etc.]" is not a legitimate request for relief that a court may fulfill.

*In forma pauperis* plaintiffs who claim that their constitutional rights have been violated must present more than naked allegations of transgressions in order to survive initial review. *Adams*, 40 F.3d at 74. In the "Statement of Claim" section of her complaint, Kraim lists legal terms without providing any explanation as to how those terms apply to her case or the defendants. She does not include *any* supporting facts, let alone facts that suggest a violation of her constitutional or civil rights. Even when construing the complaint liberally, there simply is no discernible legal claim for which the defendants may be held liable. Kraim's allegations are "disconnected, rambling, and largely incoherent." *von Fox v. U.S. State Department*, No. 2:16-cv-185-RMG-MGB, 2016 WL 11409536, at *4 ("The Complaint's allegations are, at best, difficult to follow. The Complaint's allegations are disconnected and nonsensical and appear to be the ramblings

of a troubled mind"). As such, her pleadings do not meet the *Iqbal* standard of plausibility, nor do they adequately explain why the defendants should be held liable for her alleged injury.

Generally, the undersigned offers a *pro se* plaintiff the opportunity to file an amended complaint when the original pleading is unclear or lacking in factual support. For example, Kraim has another complaint pending in this Court, which involves three of the same defendants named in this action, and she has been given an opportunity to amend her pleading. *See Kraim v. Marriott, et al.,* Case No. 3:21-cv-00329 (S.D.W. Va. June 9, 2021). However, this case is quite different from most other *pro se* cases. Although *pro se* complaints are construed liberally, the "benefits of this forgiving standard are not endless." *Shaw v. T-Mobile USA, Inc.*, No. 18-2513-DDC, 2021 WL 2206541, at *5 (D. Kan. June 1, 2021). In this particular case, the undersigned **FINDS** that Kraim's allegations are so detached from reality that there is no conceivable way for her to cure the complaint's deficiencies through amendment. *See Brett v. Blume*, No. CV 3:19-1134-JFA-SVH, 2019 WL 2178321, at *3 (D.S.C. Apr. 19, 2019), *report and recommendation adopted,* No. CV 3:19-1134-JFA-SVH, 2019 WL 2177318 (D.S.C. May 20, 2019) ("Federal judges are not pigs searching for truffles and federal courts are not required to be 'mind readers' or advocates for pro se litigants in construing pro se pleadings."). As the complaint lacks any apparent basis in fact and law, the undersigned concludes that the complaint must be summarily dismissed.

IV. **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Kraim's Application to Proceed Without Prepayment of Fees and

Costs, (ECF No. 1), be **DENIED**; Kraim's complaint, (ECF No. 2), be **DISMISSED**, with prejudice; and this case be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:** July 26, 2021

Cheryl A. Eifert
United States Magistrate Judge